# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| WILLIE GARDLEY | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 20 CV 5149 |
| | ) | |
| v. | ) | FIRST AMENDED |
| | ) | COMPLAINT FOR VIOLATION OF |
| City of Chicago, Chicago Police | ) | CIVIL RIGHTS |
| Detectives John Korolis, Star No. 21339, | ) | |
| and Michele Wood, Star No. 2005, | ) | **JUDGE KENNELLY** |
| | ) | |
| Defendants. | ) | **JURY DEMANDED** |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331 and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, Plaintiff Willie Gardley ("Gardley") was within the jurisdiction of this court.

4. At all times herein mentioned, Chicago Police Detective John Korolis, Star No. 21339 ("Korolis") was employed by the Chicago Police Department and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in his individual capacity.

5. At all times herein mentioned, Chicago Police Detective Michele Wood, Star No. 2005 ("Wood") was employed by the Chicago Police Department and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in her individual capacity.

6. At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the Chicago Police Department.

## **FACTUAL ALLEGATIONS**

7. On or about March 14, 2019, Plaintiff was lawfully located near 625 N. Leamington Avenue in the City of Chicago, County of Cook, State of Illinois.

8. On that day and place Defendants Korolis and Wood did not possess a warrant to arrest Plaintiff.

9. On that day and place Defendants Korolis and Wood caused Plaintiff to be seized by members of the Chicago Police Department.

10. Defendants did not possess legal cause to have Plaintiff seized by members of the Chicago Police Department.

11. After his seizure Plaintiff was subjected to a custodial arrest by members the Chicago Police Department.

12. Defendants Korolis and Wood did not possess legal cause to subject Plaintiff to custodial arrest.

13. After his custodial arrest Defendants Korolis and Wood caused Plaintiff to be charged with murder.

14. Defendants Korolis and Wood did not possess probable cause to reasonably believe that Plaintiff had committed murder.

15. Plaintiff appeared in court to defend himself against the felony charges that were initiated and/or continued by Defendants Korolis and Wood.

16. On or about December 27, 2019, the Cook County State's Attorney's Office voluntarily dismissed all charges against Plaintiff.

17. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

18. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

19. By reason of the above-described acts and omissions of Defendants Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
### Plaintiff against Defendants Korolis and Wood for
### UNREASONABLE SEIZURE

20. Plaintiff hereby incorporates and realleges paragraphs one (1) through nineteen (19) hereat as though fully set forth at this place.

21. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments of the Constitution of the United States and laws enacted thereunder.

22. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's person was in violation of Plaintiff's constitutional rights and not authorized by law. Defendants violated Plaintiff's rights in the following manner: (1) Defendants caused the seizure of Plaintiff's person without any legal cause. These acts were in violation of Plaintiff's Fourth and/or Fourteenth Amendment rights. Therefore, Defendants, are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II
### Plaintiff against Defendants Korolis and Wood for
### UNREASONABLE PRETRIAL DETENTION

23. Plaintiff hereby incorporates and realleges paragraphs one (1) through nineteen (19) hereat as though fully set forth at this place.

24. Defendants subjected Plaintiff to criminal prosecution, a pretrial detention, and/or deprivation of his liberty without probable cause.

25. Defendants did not have probable cause to believe Plaintiff had committed a murder or cause him to be subjected to any pretrial restriction of his liberty.

26. Defendants knew that Plaintiff's arrest, detention, and criminal prosecution were not based upon sufficient evidence to reasonably conclude Plaintiff had committed a murder.

27. The criminal charges Defendants initiated against Plaintiff terminated in Plaintiff's favor when they were voluntarily dismissed on December 27, 2019.

28. As a result of the foregoing, Plaintiff has sustained damage.

29. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment of the Constitution of the United States and laws enacted thereunder.

30. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's person was in violation of Plaintiff's constitutional rights and not authorized by law. Defendants violated Plaintiff's rights in the following manner: (1) Causing Plaintiff to be subjected to pretrial detention that restrained his liberty, without any probable cause for the detention, was in violation of Plaintiff's Fourth Amendment rights. Therefore, Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT III
### Plaintiffs Against Korolis, Wood, and the City of Chicago For
### MALICIOUS PROSECUTION

31. Plaintiff hereby incorporates and realleges paragraphs one (1) through nineteen (19) hereat as though fully alleged at this place.

32. Defendants Korolis and Wood, who were employed by the City of Chicago, maliciously commenced and/or caused to be continued legal proceedings against Plaintiff alleging that he had committed a murder that occurred in May 2015.

33. Defendants subjected Plaintiff to a criminal prosecution for the crime of murder without probable cause.

5

34. Plaintiff did not commit the murder, or related charges, for which he was prosecuted.

35. Defendants did not have any forensic or physical evidence indicating Plaintiff committed the murder.

36. Defendants did not have reliable information from any witness indicating Plaintiff committed the murder.

37. Defendants knew that the person responsible for the murder wore his hair in dreadlocks at the time of the murder.

38. Plaintiff did not have dreadlocks at the time of the murder.

39. Defendants falsely reported in their investigation progress reports, among other things, that a witness claimed two days after the murder Plaintiff cut off his dreadlocks. This false information was a proximate cause of Plaintiff being subjected to a criminal prosecution as it prevented Plaintiff from being excluded as a suspect in the murder, and was relied upon by the Cook County State's Attorney in the decision to commence and continue the prosecution of Plaintiff.

40. Defendants knew prior to Plaintiff's arrest and the commencement of the prosecution that no witness would provide any testimony implicating Plaintiff in the murder.

41. Defendants knew that Plaintiff's criminal prosecution was not based upon sufficient evidence to conclude Plaintiff had committed a murder.

42. The criminal charges Defendants initiated against Plaintiff terminated in Plaintiff's favor when they were voluntarily dismissed on December 27, 2019, because there was a lack of evidence supporting the charges and there were no reasonable grounds to pursue the prosecution.

43. The dismissal of the charges against Plaintiff was not the result of a plea negotiation, agreement, or compromise between Plaintiff and the Cook County State's Attorney.

44. As a result of Defendants Korolis and Wood causing these baseless legal proceedings Plaintiff was injured emotionally and otherwise.

45. The City of Chicago is liable to Plaintiff for the acts of Defendants Korolis and Wood pursuant to the doctrine of *respondeat superior*.

46. Therefore, Defendants Korolis, Wood, and the City of Chicago are liable under the supplemental state law claim of Malicious Prosecution.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, Ltd. requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants be required to pay Plaintiff's attorney's fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That Defendants Korolis and Wood be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiffs have such other and further relief as this Court may deem just and proper.

BY: s/Garrett Browne

ED FOX & ASSOCIATES, Ltd.
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
gbrowne@efoxlaw.com

7

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY: s/Garrett Browne

ED FOX & ASSOCIATES, Ltd.
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
gbrowne@efoxlaw.com